J-S45024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: D.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: D.D., A MINOR | No. 2006 MDA 2014 |

Appeal from the Dispositional Order of October 20, 2014
In the Court of Common Pleas of Dauphin County
Juvenile Division at No.: CP-22-JV-0000471-2014

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 06, 2015**

D.D., a minor, appeals the October 20, 2014 dispositional order.  We

affirm.

The juvenile court set forth the following factual and procedural history

of this case:

> On June 7, 2014, [C.S.] and [D.D.] were at the park located on
> Radner Street, [in Dauphin County, Pennsylvania.  C.S.] testified
> that he and [D.D.] were acquaintances and did not have plans to
> meet up at the park.  Once at the park, [D.D.] and [C.S.] began
> to slap box with each other.  [C.S.] testified that slap boxing is a
> form of playing similar to [horseplay.]   After some time of
> playing slap box, [D.D.] began to choke [C.S.] and put him in a
> headlock.
>
> After successfully removing himself from the headlock, [C.S.]
> punched [D.D.  D.D.] testified that, in addition to [C.S.,] a friend
> of [C.S.'] punched [D.D.]  After receiving a punch, [D.D.] fell
> back onto a bench and he and [C.S.] began to fight.  Following
> the punch from [C.S., D.D.] proceeded to grab [C.S.'] head with
> both of his hands and bite [C.S.'] nose.  [C.S.] testified that

---

[*]     Former Justice specially assigned to the Superior Court.

[D.D.] continued to bite his nose even after [C.S.] was no longer touching [D.D.]  [D.D.] bit [C.S.'] nose until the tip came off and the tip was in [D.D.'s] mouth.  [D.D.] testified that he spit the tip out of his mouth.  After [D.D.] spit the tip of [C.S.'] nose out of his mouth, [D.D.] released [C.S.  D.D.] testified that he then ran away and called his mother, but not the police.

A bystander gave [C.S.] the tip of his nose in a bag and [C.S.] was driven to the hospital.  [C.S.] testified that his mother took photographs of his injury shortly after it occurred as well as during the healing process.

[C.S.'] initial visit to the hospital was about two weeks. Additionally, [C.S.'] injury required two plastic surgeries as well as skin grafting on the forehead.  [C.S.] testified that he was in excruciating pain following the two surgeries and had a third surgery scheduled [at the time of the hearing.]  Additionally, [C.S.,] who is a section leader for his high school's drum line, testified that he was unable to attend band camp that summer . . . because he needed to visit the doctor every other day to get the facial wrap from his surgeries changed.

Juvenile Court Opinion ("J.C.O."), 2/23/2015, at 2-3 (citations to the certified record omitted).

As a result of these events, the Commonwealth filed a delinquency petition against D.D. alleging that he committed aggravated assault.[1]  On October 24, 2014, following a hearing, the juvenile court adjudicated D.D. delinquent of aggravated assault, and placed him on probation.  On October 29, 2014, D.D. timely filed a post-dispositional motion, wherein he argued that "[t]he verdict [was] against the weight of the evidence."  **See** D.D.'s Post-Dispositional Motion, 10/29/2014, at 2 (unnumbered).

---

[1]     18 Pa.C.S. § 2702(a)(1).

On November 26, 2014, before the juvenile court had ruled upon his motion, D.D. filed a notice of appeal. On December 15, 2014, D.D. filed with this Court an application for remand pending the resolution of his post-dispositional motion. We directed D.D. to file with the juvenile court a *praecipe* for entry of an order denying his post-dispositional motion by operation of law. D.D. complied, and the juvenile court entered such an order on January 9, 2015. Accordingly, we treat D.D.'s notice of appeal as if he had filed it on January 9, 2015. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). D.D. filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on February 2, 2015, and the juvenile court filed a Pa.R.A.P. 1925(a) opinion on February 23, 2015.

D.D. presents one issue for our consideration: "Whether the [juvenile] court erred in denying [D.D.'s] post-dispositional motion where the adjudication of delinquency was against the weight of the evidence so as to shock one's sense of justice where [D.D.] acted out of self-defense?" Brief for D.D. at 5.

Appellate review of a challenge to the weight of the evidence entails review of the exercise of discretion, not of the underlying question of whether the adjudication itself was against the weight of the evidence. **Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994). Because the juvenile court had the opportunity to see and hear the evidence presented,

- 3 -

we give the utmost consideration to the findings and reasons advanced by the judge when reviewing a determination that the verdict is not against the weight of the evidence. ***Commonwealth v. Farquharson***, 354 A.2d 545 (Pa. 1976). In effect, "the [juvenile] court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Ramtahal***, 33 A.3d 602, 609 (Pa. 2011).

This does not mean that the juvenile court's discretion to grant or deny a motion for a new trial based upon a challenge to the weight of the evidence is unrestrained. Our Supreme Court has explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (quoting ***Coker v. S.M. Flickinger Co.***, 625 A.2d 1181, 1184-85 (Pa. 1993)).

In framing his issue as a challenge to the weight of the evidence, D.D. conflates two distinct claims with different standards of review. In ***Widmer***, our Supreme Court highlighted the distinction between a challenge to the sufficiency of the evidence, which contests the **quantity** of the evidence presented at trial, and a challenge to the weight of the evidence, which attacks the **quality** of that evidence.

- 4 -

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Id.* at 751-52 (citations, footnotes, and quotation marks omitted).

D.D. maintains that "he was justified in biting [C.S.'] nose where [he] believed such force was immediately necessary to protect himself against

the assault by [C.S.]" Brief for D.D. at 10. D.D.'s argument is without merit insofar as he contests the sufficiency of the evidence that the Commonwealth presented in order to disprove his claim of self-defense. In pursuing only a challenge to the **weight** of the evidence, D.D. concedes that the Commonwealth offered evidence sufficient to sustain his adjudication for aggravated assault.[2] **See Widmer**, 744 A.2d at 752. Consequently, our review is limited to whether the juvenile court abused its discretion in determining that D.D.'s delinquency adjudication was not contrary to the weight of the evidence.

At his adjudication hearing, D.D. argued that his assault on C.S. was an act of desperation, which "he felt he needed to take to save his [own] life." Notes of Testimony, 8/20/2014, at 32. In adjudicating D.D. delinquent of aggravated assault, the juvenile court clearly indicated that it found D.D.'s self-serving testimony to be incredible. **See id.** at 34 ("You know, I'm listening to this and thinking, 'Well, if [D.D.] was able to bite [C.S.'] nose and run away, and he had him subdued, why didn't [D.D.,] prior to that, get up and run away?'"). On the other hand, the juvenile court

---

[2] In his 1925(b) statement, D.D. asserted only that his "adjudication of delinquency was against the **weight** of the evidence so as to shock one's sense of justice." **See** D.D.'s Concise Statement of Errors Complained of on Appeal, 2/2/2015, at 1 (emphasis added). Therefore, he has waived his challenge to the sufficiency of the evidence. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); Pa.R.A.P. 1925(b)(4)(vii).

found credible C.S.' testimony that the "play fighting" escalated when D.D. began choking him. *Id.* at 33.

The record is devoid of any indication that the juvenile court acted in an unreasonable or arbitrary manner. Nor has D.D. alleged that the juvenile court acted with partiality, prejudice, bias, or ill will. The juvenile court, as the fact-finder, was free to evaluate the testimony of the witnesses and to determine the weight that should be assigned to the evidence. *Commonwealth v. Johnson,* 668 A.2d 97, 101 (Pa. 1995). Accordingly, DD.'s challenge to the weight of the evidence must fail.

Order affirmed.

Judge Bowes joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015